ESTATE OF KAMAKA, deceased.

EXCEPTIONS FROM SECOND CIRCUIT COURT.

HEARING, NOVEMBER 21, 1892.   DECISION, DECEMBER 21, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ.

The presumption raised by the fact that the will of the testator bore the
signatures of two subscribing witnesses, under an attesting clause
reciting that they two signed as witnesses, together with positive tes-
timony that they did so sign, is not overcome by evidence that one of
the witnesses could not write seven years and a half after the date of
the will.

OPINION OF THE COURT, BY JUDD, C.J.

This is a motion for a new trial, on the ground that the ver-
dict of the jury was contrary to the law and the evidence.

The admitted facts of the case are that a document, purport-
ing to be the Will of one Kamaka, was admitted to probate by
the Circuit Judge of Maui on the 4th of August. 1891.   From
this an appeal was taken to the Circuit Court with a jury.   The
case came to trial on the 16th of June, 1892, upon the issue
whether it was a valid will, the contestants claiming that the
signature of only one subscribing witness had been proved, name-
ly, that of J. T. Gower, and that the alleged other subscribing wit-
ness, Nika, could not write, and therefore his signature was a
forgery.   The will is dated the 7th of July, 1868.   Kamaka,
the testator, died on the 29th of March, 1887.

The verdict of the jury was for the contestants, thus setting
aside the probate of the will.   One of the contestants is the
daughter of Kukaulalii, a son of the testator, and who was ap-
pointed executor in the alleged will.

From the transcript of the evidence sent up. we find that
both W. B. Keanu, proponent, and his wife, gave evidence that

both Mr. Gower and Nika signed their names as subscribing witnesses to the will in the presence of the testator. Mrs. Keanu says: "Mr. Gower and Nika were the witnesses. I saw those two witnesses sign their names, and they signed this, each one signing his own name." Against this is the testimony of Kamanu and Paaoao, that Nika was Paaoao's uncle and that he could not write. Kamanu says Nika could not write, because on the 27th of November, 1875, he signed a deed conveying land to Paaoao by a cross mark, and said that he could not write. The will itself contains intrinsic evidence that it was signed by both the witnesses, Gower and Nika. It is proved to be in the handwriting of the late Rev. W. P. Alexander, who was present when the will was executed, and the attesting clause, also in Mr. Alexander's handwriting, recites that "Kamaka executed this last will written on one sheet of paper on the day mentioned above, declaring that it was his last will in the presence of us two (maua) and at his request we (maua) have signed our names as witnesses, and we have signed in his presence and in the presence of each other." Then follows, "J. T. Gower living at Wailuku, Nika living at Wailuku." These two names are bracketed together with the words "Na hoike" (the witnesses) outside of the bracket. The signture of Mr. Gower was proved by independent testimony.

We think that the presumption thus raised, that Nika witnessed this will at the same sime with Mr. Gower, coupled with the positive testimony that he did so sign, is not overcome by the testimony by the contestants, that Nika could not write. He was an old man, and his signature indicates that he could write very imperfectly. It is not unusual among aged Hawaiians to shrink from signing their names, or to decline to do so from pride, lest their ignorance should be disclosed by an abortive attempt to make a readable signature. Many old Hawaiians were taught to write only their names, and from disuse of this acquirement, failing eyesight, or the infirmities of age, it might be actually impossible for them to make their signatures. Nika's deed, offered in evidence, was executed by a cross mark, seven years and a half after the date of the will. There is no proof that he could not write at the date of the will.

We think that the jury must have been led to their verdict by improper motives, and therefore set aside their verdict and order a new trial.

*C. Creighton* and *J. Richardson,* for proponent.

*A. Rosa* and *J. W. Kalua,* for contestants.

